EL PUEBLO, DEMANDANTE Y APELADO, *v.* BORGES, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por falsa representación.

No. 1109.—Resuelto en febrero 8, 1917.

FALSA REPRESENTACIÓN—FALTA DE APRECIACIÓN DE LA PRUEBA—NUEVO JUICIO—DUDA RESPECTO A LA CULPABILIDAD DEL ACUSADO.—Cuando existen motivos fundados para concluir que el juez de distrito al dictar su sentencia condenatoria no apreció debidamente la totalidad de la prueba, procede la concesión de un nuevo juicio, con mayor razón si el Tribunal Supremo, como sucede en el presente caso, abriga fuertes dudas con respecto a la culpabilidad del acusado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José D. Rodríguez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El Fiscal del Distrito de Aguadilla imputó a Vicente Borges, Jr., el hecho de haber voluntariamente cobrado un cheque como verdadero sabiendo que era falso. El acusado alegó su inocencia y, celebrada la vista, la corte lo declaró culpable del delito de falsa representación, previsto y castigado en el artículo 470 del Código Penal. El acusado apeló y ha sostenido ante este Tribunal Supremo que la Corte de Distrito erró: 1°. Al declarar sin lugar su moción de *non-suit;* 2°. Al llegar a conclusiones que no están sostenidas por la prueba, y 3°. Al considerar indispensable que propusiera como testigo de descargo a Aurelio Cruz a fin de alejar de la mente toda sospecha de que la posesión del cheque por su parte era ilegítima.

La prueba del fiscal consistió en la declaración de los testigos, 1, *Dionisio Ríos* quien recibió de manos de Vicente Borges, el acusado, el cheque de que se trata y pagó con él ciertos efectos para un baile. Le devolvieron el resto del valor del cheque en dinero y lo entregó al acusado; 2, *Timoteo Castro* comerciante que vendió los efectos y recibió el cheque. Lo consideró legítimo y lo pasó más adelante; 3, *Juan González Mercado* que había dado primeramente la orden a Dionisio Ríos de comprar y pagar los efectos para el baile, pero que no tuvo que hacerlo por habérsele adelantado el acusado; 4, *Salvador Barea,* tesorero de la Junta Escolar de Utuado, cuya firma aparece autorizando el cheque en cuestión y según él no es auténtica, y 5, *Joaquín M. Torres,* sub-gerente del American Colonial Bank of Porto Rico, institución que pagó finalmente el cheque y fué defraudada en su importe de diez pesos por haber resultado falsificado.

La prueba de la defensa consistió en las declaraciones de los testigos, 1, *Manuel del Pino* que dijo que Aurelio Cruz

le había llevado un cheque para que se lo cambiara que no es el mismo que se le pone de manifiesto; 2, *Juan Pérez* que presenció cuando Aurelio Cruz le dió al acusado un cheque por diez pesos para que cobrara el importe de unas prendas que le debía, habiéndolo hecho así el acusado devolviéndole en dinero el resto del importe del cheque, y 3, el propio acusado *Borges* que admitió que había dado a Ríos el cheque y explicó que lo había recibido antes de manos de Aurelio Cruz en la forma indicada por el testigo Pérez. La declaración del acusado es amplia y detallada. En una parte de ella, contestando al juez, dijo:

"Aurelio Cruz vive, y me parece que vive en Lares. Estoy seguro de que vive allí ahora. En marzo vivía en Lares. Cuando me detuvieron en Lares y me fijaron una fianza de mil dólares que se prestó en Lares, yo me encontré con Aurelio Cruz, frente al almacén de Márquez y le referí el resultado de ese cheque y me dijo que a él también se le había llamado por el cheque y que según decía el público se susurraba que a él también se le había llamado a declarar y se le había exigido una fianza que estoy seguro era de mil pesos o de trescientos pesos; luego de la fianza que tenía de mil dólares, se me bajó a doscientos dólares y cuando fuí a hablar con él se molestó mucho y la familia también y me dijeron que a él no se le había exigido responsabilidad y yo dije: Entonces, ¿cargaré yo con la responsabilidad? * * * El se molestó por haberlo obligado en este asunto."

Terminadas las pruebas, la corte declaró culpable al acusado y lo condenó a sufrir un año de prisión en la cárcel del distrito. Al examinar la evidencia, la corte, entre otros particulares, consignó:

"que el acusado tenía en su poder el cheque falso y habiéndosele dado una oportunidad de explicar su legítima posesión real o tenencia del cheque no la ha acreditado en ninguna forma de modo que aleje de la mente toda sospecha o suposición de que tal posesión o tenencia es ilegítima, puesto que el único testigo Aurelio Cruz que según declaración del propio acusado, que pudo haber declarado con respecto a este extremo por ser el que le había entregado el cheque falso según declaración del propio acusado, no ha comparecido ni fué tam-

poco propuesto como prueba por la defensa, no obstante el residir dicho individuo en Lares lugar de la residencia del acusado.''

Después de haber estudiado cuidadosamente en varias ocasiones esta causa, hemos llegado a la conclusión de que la justicia requiere que se revoque la sentencia apelada y se ordene la celebración de un nuevo juicio.

Por la parte que hemos transcrito de los hechos declarados probados por el juez sentenciador, se puede deducir cuál era el estado de su mente al dictar su sentencia condenatoria. Fijo su pensamiento en el hecho de no haber presentado el acusado como prueba la declaración de Aurelio Cruz, dejó de pesar el valor de la prueba aportada por el acusado, a saber.: su propia declaración y la del testigo Juan Pérez. No hay duda alguna de que hubiese sido conveniente haber llevado al juicio la declaración de Aurelio Cruz. Sin embargo, el acusado no estaba obligado a ello y el mismo Fiscal pudo hacerlo. Además la actuación del acusado en tal extremo tiene una explicación si no convincente por lo menos posiblemente verdadera, ya que por la conversación que tuvo con Cruz podía presumir la actitud que éste iba a asumir en el juicio, limitándose entonces a introducir la única prueba que tenía de su entrevista con Cruz, su propia declaración y la del testigo Pérez.

Bajo tales circunstancias, existiendo motivos justificados para creer que el juez no consideró debidamente la totalidad de la prueba para dictar su sentencia y teniendo este tribunal fuertes dudas con respecto a la culpabilidad del acusado, procede que se revoque la sentencia apelada y se ordene la celebración de un nuevo juicio.

*Revocada la sentencia apelada y ordenada la celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.